325 So.2d 342 (1975)
David C. WOLF
v.
STATE of Louisiana ex rel. and Louisiana Board of Review, Department of Employment Security.
No. 7130.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1975.
*343 Thomas F. Schexnayder, Metairie, for plaintiff-appellee.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Robert E. Redmann, William P. Curry, Jr., Asst. Attys. Gen., for defendants-appellants.
Before STOULIG, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
The State of Louisiana and the Board of Review of the Department of Employment Security of the State have appealed from a judgment in plaintiff's favor for $3,475.42 plus costs and attorney's fees.[1]
In his petition plaintiff alleged that he was mugged on the streets of New Orleans on October 28, 1972, and incurred medical and hospital expenses as well as loss of wages as a result. Invoking the provisions of Act 721 of 1972, LSA-R.S. 46:1801 et seq., he alleged that he requested payment of benefits by the defendant Board but it refused to satisfy his claim. He prayed for judgment against defendants ordering the State to appropriate money to the Board for the payment of his claim.
Defendants filed dilatory and peremptory exceptions, alleging that the action was premature because no funds had been appropriated under the cited act, particularly under § 1803 which authorizes the Board *344 to "accept funds from public or private sources including any monies made available by the Government of the United States . . . " Defendants further alleged that the Board has no resources available to satisfy such claims so that it can only accept and process applications. Defendants also filed the dilatory exception of prematurity alleging that plaintiff had not exhausted the administrative procedures set forth in the act prior to filing his petition for judicial review.
Correspondence filed in evidence at the trial of these exceptions indicates that plaintiff did make application with defendant Board for relief under the act. On January 16, 1973, the Attorney General advised plaintiff as follows:
"Therefore, it is our opinion the Board must proceed to accept applications for compensation under the terms of the Act and to process them even if funds are not available for the payment of the award."
On February 6, 1973, the Board through its chairman, addressed a letter to plaintiff's attorney in which the following was said:
"Your letter of February 1, 1973, received regarding the above claimant.
"As stated in answer to your letter of November 22, 1972, there are no funds available for the enforcement of this program and we do not know when they will be made available. However, I am filing your letter, which shows the expenses of your client, along with other appeals.
"The only procedure the Board of Review can follow at this time is to accept applications and process them."
The trial judge overruled the exceptions and awarded the judgment on plaintiff's testimony as to the circumstances of the mugging and his injuries, together with copies of bills.
R.S. 46:1812 provides:
"The orders and decisions of the board shall be reviewable in the appropriate court as in any other civil action."
Based upon this provision plaintiff had a cause of action for a review of the Board's administrative action but not for a money judgment against the Board.
R.S. 46:1801 provides that "The board of review of the Department of Employment Security hereinafter referred to as the board, shall, among its other duties, serve as a board of review for claims made under this chapter." The Board of Review is established by R.S. 23:1652 and consists of three members appointed by the Governor to perform various functions within the Department of Employment Security. Their duties with respect to Act 721 of 1972 are spelled out in detail in the act. They can be capsuled to include the acceptance of applications for claims, the conduct of hearings and the authorization of payments based upon findings the Board is to make following such hearings. It is authorized to homolgate rules and regulations so as to carry out the provisions of the act, § 1804. It is prohibited from authorizing payments without hearings, § 1806 subd. D., and it must make specific findings as to the occurrence of an act which would warrant payment under the statute, § 1806 subd. D. Under other limitations prescribed by § 1813 it has other duties and is clothed with a great deal of discretion in the handling of these claims, all of which can be seen by reference to the act which need not be discussed in detail for purposes of this opinion. It suffices to say that the Board did not process plaintiff's application despite advice from the Attorney General to do so and despite the statement of its own chairman that it would do so. On his application to the trial court for a review under § 1812 plaintiff was entitled to a judgment ordering the Board to perform the duties spelled out in Act 721 of 1972, R.S. 46:1801 et seq. as aforesaid.
*345 A reading of the statute demonstrates that the Board is to conduct "an adjudication proceeding" and is to make a "final decision or order" as discussed in R.S. 49:964A. Thereafter a judicial review may be applied for and should be accomplished in accordance with that statute. Under R.S. 49:964G. the trial court may remand the case to a board for further proceedings. In view of the fact that the Board has failed to conduct proceedings in accordance with law the trial court in this case should have remanded the case to the Board of Review for the Department of Employment Security for that purpose.
As to the State of Louisiana, there can be no judgment against it under Act 721 of 1972 before the Board performs its duties in the administration of the Act and consequently the dilatory exception of prematurity filed by the State should have been maintained by the trial court.
Defendants have contended that plaintiff has no right to have his application processed under the Act because the Act contemplates appropriations of federal funds to the state as a condition precedent for implementation of the Act. They cite the above quoted language of § 1803, and § 1818, which provide as follows:
"There is hereby created, in the office of the state treasurer, a fund to be known as the criminal victim indemnity fund (hereinafter referred to as the `fund'). The fund shall consist of such amounts as may be deposited in, or appropriated to such fund, as provided by law, or as may be contributed to such fund by public or private agencies or organizations or individuals, including grants from the government of the United States."
This section does authorize the use of grants which might be made by the federal government for this purpose, but it also prescribes that the fund "shall consist of such amounts as may be . . . appropriated. . ." clearly suggesting that the legislature may appropriate funds for this purpose. Although it may be that the legislature has not appropriated such funds and that no funds are available to plaintiff for the payment of his claim, this would not preclude plaintiff from having his claim administratively processed. Parenthetically, we observe that the claim may never be paid because of R.S. 13:5108 subd. B. which provides:
"Any judgment rendered in any suit authorized by the Louisiana Legislature to be filed against the state of Louisiana or one of its political subdivisions, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable and paid only out of funds appropriated by the legislature or the political subdivision concerned."
Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be reversed and set aside, and there is judgment in favor of the State of Louisiana and against the plaintiff, maintaining the State's exception of prematurity, and dismissing plaintiff's suit against the State.
It is further ordered that plaintiff's suit against the Board of Review of the Department of Employment Security be remanded to the trial court in order that a proper judicial review be made pursuant to R.S. 46:1812 and 49:964, and in order that the trial court may remand the case to the Board of Review of the Department of Employment Security for implementation of Act 721 of 1972, R.S. 46:1801 et seq.
Reversed and remanded.
NOTES
[1] The petition was filed against "The State of Louisiana, ex rel," and in the judgment the state is referred to in the same way. The phrase "ex rel" is used when the legal proceedings are instituted in the name of the state at the instigation or request of an individual who has an interest in the matter, Black's Law Dictionary, 1968, p. 663. It was the practice to use the term "ex rel" when extraordinary remedies were sought under the Code of Practice. See comment (d) to LSA-C.C.P. Art. 3781. The addition of the phrase to the State of Louisiana as a defendant in this case has no practical effect and the State itself must be deemed the named defendant as well as the judgment debtor, along with the defendant Board.