BOUTALL, Judge.
David C. Wolf was a victim of a violent crime against his person which occurred in New Orleans on October 28, 1972. Wolf sought compensation for his pecuniary losses pursuant to Act 721 of 1972 (R.S. 46:1801 et seq.) by applying for a hearing before the Board of Review, Department of Employment Security, the convening authority to hold hearings under the Act.[1] The Board *321 denied Wolf a hearing because no funds had been made available.
Wolf then successfully applied to the District Court for relief. The defendant Board and the State of Louisiana appealed. On appeal this court reversed the trial court, gave judgment for the State of Louisiana maintaining its exceptions of prematurity and dismissing plaintiff’s suit against the State, and remanded for review by the Board of Review, Department of Employment Security for implementation of Act 721 of 1972, R.S. 46:1801 et seq. Wolf v. State, La.App., 325 So.2d 342 (1975).
Subsequent to that appeal and the accompanying remand, there was a hearing afforded by the Board and the hearing officer recommended that the Board make awards of $3,453.42 for pecuniary loss to Wolf, and $1,151.14 attorney’s fees. However, the Board denied the claims, saying:
“It is the opinion of the Board of Review that these claims must be denied. The State of Louisiana has made no appropriations to fund Louisiana Act 721 of 1972.”
Immediately thereafter, Wolf filed a “Petition for a Judgment” on the pleadings in his favor in the same amount as the recommended compensation made at the Board hearing. The judgment was rendered against the defendants State of Louisiana and the Board of Review, Department of Employment Security, and both have appealed.
Act 721 of 1972 became effective on July 26, 1972. We have examined the Act and we do not find that its effective date was conditioned upon an appropriation by the legislature to implement the fund from which claims were to be paid or upon receipt of funds granted by the United States. The fund could receive other contributions.[2] Therefore, as of July 26, 1972, the Act was effective and operational, and continued to be so until its repeal by Act 535 of 1976, the effective date of which was October 1, 1976. The appellee Wolf’s cause of action arose during the period that the Act was in effect and as we found on the prior appeal, Wolf was entitled to a hearing by the Board of Review. The Board found Wolf and his attorney entitled to compensation under the Act, but refused to give judgment accordingly. There is no serious issue on the amount, and we find that the trial court correctly determined that the Board of Review should have granted judgment for the amount of suggested awards.
The problem is lack of funding. Although the appellee and his attorney are entitled to compensation, there have been no funds appropriated or granted to the Criminal Victim Indemnity Fund from which such compensation was to be paid under the Act.[3]
*322 We note that the decision of the Board was rendered on June 4, 1976 and reiterate that the act was still effective and funds could have been received into the indemnity fund. The Board erred in denying the award completely. The Board should have granted the award, but conditioned its order of payment upon receipt of available funds in accordance with the above cited sections.
We have seriously considered the proposition that the entire matter is moot because the indemnity fund is nil and Act 721 has been repealed. Under these circumstances the court has no authority to authorize payment of the award. That has now become a matter for the legislature to consider. See Const.1921, Art. 3 § 35; Const.1974, Art. 12 § 10. Nevertheless the issues presented were decided at a time when provision for payment could have been legally made by the legislature and the constitutional authority is theirs, not ours.
Finally we note that despite our previous judgment the trial court has again rendered judgment against the State of Louisiana. In this court the state argues that there is no cause of action against it and we agree. The act does not provide for such a judgment, only an order of payment from the indemnity fund.
Accordingly, the decision of the Board of Review, Department of Employment Security, is reversed, and the judgment of the district court is amended in part and reversed in part and recast to read as follows:
“IT IS ORDERED that there is judgment herein awarding compensation to David C. Wolf as pecuniary loss from physical injuries in the sum of $3,453.42 and awarding Thomas F. Schexnayder attorney’s fees in the sum of $1,151.14, both awards to be payable from the Criminal Victim Indemnity Fund, all in accordance with the provisions of Act 721 of 1972. The Board of Review, Department of Employment Security is cast for such court costs as may be legally assessed against it.”

AMENDED IN PART, REVERSED IN PART AND RECAST.

. AN ACT
“To provide for the compensation of innocent victims of violent crime in need; to authorize the state of Louisiana to accept any federal funds or grants made available for such purpose; and to further provide with respect to all of the above.”
Section 1, Act 721 of 1972 states:
“The Board of Review of the Department of Employment Security hereinafter referred to as *321 the board, shall, among its other duties, serve as a board of Review for claims made under this Act.”
* * * * * #

. Section 18. Indemnity fund.
“There is hereby created, in the office of the state treasurer, a fund to be known as the Criminal Victim Indemnity Fund (hereinafter referred to as the ‘fund’). The fund shall consist of such amounts as may be deposited in, or appropriated to such fund, as provided by law, or as may be contributed to such fund by public or private agencies or organizations or individuals, including grants from the government of the United States.”
******
“Section 21. Fine imposed for Criminal Victim Indemnity Fund.
“In any Louisiana court of competent jurisdiction upon conviction of a person of a crime resulting in the personal injury or death of another person, the court shall take into consideration the financial conditions of such person, and may, in addition to any other penalty, order such person to pay a fine commensurate in amount with the personal injury or death or* such other person, and such fine shall be
“ * As it appears in the enrolled bill." deposited into the Criminal Victim Indemnity Fund.”

. “Section 6. Authorization of payment.
“A. In any case in which a person is injured or killed by any criminal act, or ommission of any other person, enumerated in Section 7-A of this Act, the board may, in its discretion, upon an application, order the payment of, and pay, compensation in accordance with the provisions of this Act, if such act or ommission occurs within the jurisdiction of the state of Louisiana.”
* * * * * *
“Section 11. Character of compensation.
*322 “The board may order the payment of compensation under this Act for any pecuniary loss actually and necessarily incurred as a result of the personal injury or death of the victim.”
******
“Section 14. Terms and payment of the order of compensation.
“C. The board shall pay to the person named in the order of payment of compensation the amount named therein in accordance with the provisions of such order.”