584 So.2d 340 (1991)
Angie UBOSI, Plaintiff-Appellant,
v.
SOWELA TECHNICAL INSTITUTE, Defendant-Appellee.
No. 90-583.
Court of Appeal of Louisiana, Third Circuit.
July 15, 1991.
Rehearing Denied September 13, 1991.
Writ Denied November 22, 1991.
*341 Angie Ubosi, in pro. per.
David Sanders, Asst. Atty. Gen., Baton Rouge, for defendant-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Angie Ubosi, representing herself, appeals the dismissal of this suit as prescribed. Ubosi sued Sowela Technical Institute claiming that she was wrongfully terminated as a student in its nursing program. Her suit sought damages for breach of contract and readmittance to the program at the point of her dismissal.
Ubosi alleged in her petition that she enrolled in the practical nursing program at Sowela on September 14, 1987, and that she was wrongfully dismissed from school on April 18, 1988. She alleged that she immediately filed a grievance over her dismissal and that she was readmitted three weeks later. She alleged that she returned to class on May 9, 1988. It was time to take final examinations. According to her petition, it was because of her absence during the three weeks (an absence resulting from her allegedly wrongful dismissal in April) that she was unable to pass the courses of instruction required, and this, in turn, caused her wrongful dismissal again on June 9, 1988.
She filed this suit for damages on October 3, 1989, alleging that the Louisiana State Board of Elementary and Secondary Education, Sowela Technical Institute, and numerous individual defendants were liable to her in monetary damages for breach of contract as a result of the foregoing events. The defendants, contending that Ubosi's demands could rest only on tort, pleaded the prescription of one year applicable to delictual actions.

THE EXCEPTION OF PRESCRIPTION
At the hearing on the exception of prescription, the main inquiry was whether *342 Ubosi's efforts to pursue grievance procedures following her second dismissal interrupted the running of the one-year prescriptive period. Without an interruption, the tort damage claim was prescribed.
In her petition she alleged that she had exhausted all administrative appeals as provided by law. (If an administrative record exists, it was not put into the record of the present case. All that this present record shows concerning administrative review is the testimony of Ubosi concerning the filing of a grievance after the June 9, 1988, termination, a response from Sowela, and an audio tape of telephone conversations between Ubosi and officials at Sowela.) She testified at the hearing on the exception that on June 21, 1988, she sent a letter to Sowela asking the reason for her dismissal and requesting a grievance hearing. On July 7, Sowela responded with a letter stating that Ubosi was terminated on June 9, 1988, "due to unsatisfactory progress". Ubosi testified that thereafter she got nowhere in her efforts to obtain a hearing. She said that her last contact with the school was in July 1989 when she met with two school officials, and that they refused to reverse her dismissal.
The trial judge granted the exception of prescription and dismissed the suit. In its written reasons for judgment, the trial court found that a one year prescriptive period was applicable. Ubosi contends that the court erred in not applying the ten year prescriptive period for contracts. This was not error. The applicable prescriptive period for wrongful dismissal of students, a delictual action, is one year. La.C.C. art. 3492; Simmons v. Sowela Technical Institute, 470 So.2d 913 (La. App. 3rd Cir.), writ denied, 475 So.2d 1109 (La.1985).
The trial court determined that Ubosi failed to prove an interruption. We agree. Ubosi's resort to the grievance procedure under La.R.S. 49:950, et seq, the Administrative Procedure Act, did not interrupt the running of prescription of her damage suit against Sowela for wrongful termination. Administrative procedure was never intended to cover claims that could not be resolved by grievance resolution. Cf. Mack v. State, 529 So.2d 446 (La.App. 1st Cir.), writ denied, 533 So.2d 359 (La.1988), and Magee v. State, 555 So.2d 6 (La.App. 1st Cir.1989), writ denied, 559 So.2d 138 (La.1990). What her petition demanded was damages, itemized as mental anguish, loss of wages that would have been earned had she successfully graduated and received her nursing degree, and loss of expenses associated with the time that she was enrolled as a student. It is clear that the agency in this case could not have granted her an award of damages in response to her grievance. The employment of the administrative procedure available to plaintiff under Title 49 neither interrupted the running of prescription on the damage claim, nor was it a jurisdictional prerequisite to the filing of suit on that claim. Since there was no interruption of the running of prescription, the tort claim was prescribed, and the exception of prescription was properly maintained.

DISMISSAL WITH PREJUDICE
Ubosi contends that the court erred in dismissing her prescribed suit with prejudice. She contends that the court had discretion to determine whether the dismissal was with or without prejudice under La.C.C.P. art. 1672. This contention has no merit. That article applies only when the plaintiff fails to appear on the date set for trial. The effect of a sustained peremptory exception is that the action shall be dismissed. La.C.C.P. art. 934. While the article does not say with prejudice, peremptory exceptions are designed to preclude a right of action. When an action is prescribed, it is over. When an action is dismissed with prejudice, that means it cannot be filed again.

TRIAL COURT'S REFUSAL TO CONFIRM DEFAULTS
Because we are agreeing with the trial court that the damage claim is prescribed, it is technically unnecessary for us to discuss this assignment of error. However, the appellant is without benefit of counsel, *343 and so we will briefly explain why it is that the trial judge did not err.
Ubosi contends that the trial court erred in refusing three times to confirm default judgments. She attempted on November 7, 1989, January 26, 1990, and February 13, 1990, to confirm preliminary defaults, and on all three occasions the trial judge would not let her do it.
The trial court was correct all three times. He was right the first time because a default judgment cannot be confirmed where exceptions to the petition remain undecided. Crawford v. Crawford, 400 So.2d 736 (La.App. 3rd Cir.1981). The first preliminary default was entered on October 30, 1989. The trial court refused to confirm the default during a November 7, 1989, hearing because an exception of lack of procedural capacity had been previously filed on October 27, 1989, and had not been heard.
Ubosi filed an amending petition on January 5, 1990. This meant that she had to obtain another preliminary default before attempting to confirm the judgment. American Fidelity Ins. Co. v. Binnings Const. Co., 302 So.2d 320 (La.App. 4th Cir. 1974). This was not done. This is why the trial judge would not let her confirm on January 26, 1990.
She took another preliminary default against all defendants on February 8, 1990, and tried to confirm it on February 13. By then, answers had been filed to both the original and amending petitions. A judgment of default cannot be confirmed after answer is filed. La.C.C.P. art. 1702.
Furthermore, there is no indication in the record that the plaintiff ever sent the Attorney General a certified copy of the minute entry constituting the preliminary default judgments, together with a certified copy of the petition, as required by La.C.C.P. art. 1704 when the state or a political subdivision is the defendant, and a confirmation of a judgment of default is sought to be entered. The failure to comply with this statute would have rendered any confirmation of default judgment void even if one had been rendered. Humphries v. La. Dept. of Public Works, 498 So.2d 297 (La.App. 3rd Cir.1986).

THE PRAYER FOR REINSTATEMENT
We interpret the suit as including a demand for reinstatement. The petition itself addresses only the issue of monetary damages. The prayer for relief, however, further asks that Sowela be required to readmit the petitioner to its nursing program with the special condition that she be allowed to continue from the "point of illegal dismissal". The trial judge dismissed the entire case, including the demand for reinstatement, on the basis of prescription. The record does not support the dismissal of the reinstatement demand. From her testimony, it appears that Ubosi timely invoked administrative procedures.
Whether she can be readmitted, and pick up her schooling where she left off, is first an agency determination. As far as we can determine from the record before us, there has been no administrative procedure decision on this issue. Although Ubosi in her pleadings alleges that she had exhausted all administrative appeals as provided by law, no administrative record was introduced in evidence, and we rather doubt that there is one. We express this doubt because in her testimony Ubosi stated that she tried without success to get an administrative hearing, and that she filed suit only after a state legislator, to whom she had turned for help, suggested that a lawsuit was her next move. If, in fact, Ubosi filed a written demand for grievance resolution, in accordance with the Administrative Procedure Act, and if she has yet to receive a hearing or a decision regarding her demand for reinstatement, and if she still wishes to pursue it, she is entitled to a hearing and a decision. See Wolf v. State, 325 So.2d 342 (La.App. 4th Cir.1975). We will remand the case to the district court for a hearing to determine whether petitioner has ever received an administrative review of her grievance and, if not, whether she wishes to pursue it. The district court may then, if appropriate, further remand the case in accordance with La.R.S. 49:964(G).
*344 The judgment maintaining the exception of prescription and dismissing the claim for monetary damages is affirmed. The judgment dismissing the demand for reinstatement is reversed, and the case is remanded to the district court as explained above for a hearing and such further action as the trial court deems appropriate. The appellant will pay costs of this appeal.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.