PAUL A. BONIN, Judge.
 

 | j Rebecca Pate
 
 [1]
 
 claims that she was injured while a passenger on an RTA
 
 [2]
 
 bus on February 15, 2002. On August 1, 2005, she filed this lawsuit against the RTA. The RTA filed an exception of prescription, which the district court granted on December 26, 2007. For the reasons which follow, we amend the trial court’s judgment and, as amended, affirmed.
 

 History of the Case
 

 This is the second suit filed by Ms. Pate against the RTA. The first was timely filed on May 23, 2002.
 
 [3]
 
 The suit was dismissed
 
 *746
 
 without prejudice on May 24, 2005. The basis for the dismissal without prejudice was that Ms. Pate had failed to comply with the requirement of La. R.S. 13:5107(D), that she request service of citation within ninety days of filing her suit. Since the court had found that she had not made a timely request of the clerk, the first suit was dismissed without prejudice, as provided by La. C.C.P. art. 1672(C). The | ¿judgment of dismissal in the first suit was not appealed. It is now a final, non-appealable judgment. La. C.C.P. arts. 2082, 2083(A), and 2087(A).
 

 The second petition for damages is virtually identical to the first. The RTA excepted on the grounds that Ms. Pate’s claim was prescribed. La. C.C.P. art. 927(A)(1). The prescriptive period for Ms. Pate’s action is one year from the day the injury or damage is sustained. La. C.C. art. 3492. The one year would have expired on Tuesday, February 18, 2003.
 
 [4]
 

 RTA’s Invocation of La. R.S. 13:5107 (D)(3)
 

 La. C.C. art. 3462, which is generally applied, provides the interruption of prescription in specified circumstances and reads:
 

 Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
 

 La. C.C. art. 3463 goes on to provide:
 

 An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial.
 

 If the general rule applied, Ms. Pate’s first lawsuit which was timely filed in a competent court and proper venue would have interrupted prescription until it was dismissed on May 24, 2005. “If prescription is interrupted, the time that has run is 13not counted. Prescription commences to run anew from the last day of interruption.” La. C.C. art. 3466. The one year prescriptive period would have begun anew and her second suit would have been timely, as it was filed within one year of that date.
 

 However, the RTA again invokes the provisions of La. R.S. 13:5107(D)
 
 [5]
 
 :
 

 (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition
 
 *747
 
 which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2)If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 (3)When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section,
 
 the filing of the action,
 
 even against other defendants,
 
 shall not interrupt or suspend the running of prescription as to the
 
 state, state agency, or
 
 political subdivision,
 
 or any officer or employee thereof; however, the effect of interruption if prescription as to other persons shall continue.
 

 14(emphasis supplied)
 

 The RTA is a “political subdivision.”
 
 [6]
 
 La. R.S. 48:1654(A)
 
 [7]
 
 provides in part:
 

 There is hereby created the Regional Transit Authority, subject to the conditions hereinafter set forth, which shall be a body politic and corporate and a political subdivision of the state of Louisiana ....
 

 Therefore, the time that Ms. Pate’s first lawsuit was pending from its filing to its dismissal did not interrupt or suspend the running of prescription.
 
 [8]
 
 La. C.C. arts. 3462 and 3463 are rendered inapplicable to a situation in which service was not requested on “the state, a state agency, or a political subdivision, or any officer or employee thereof’ within ninety days of the filing of an otherwise timely lawsuit in a competent court and a proper venue.
 
 [9]
 

 The Louisiana Supreme Court impliedly recognized this result in
 
 Bordelon v. Medical Center of Baton Rouge,
 
 03-0202, p. 11 (La.10/21/03), 871 So.2d 1075, 1084.
 
 Bor-delon
 
 resolved the question whether La. C.C.P. art. 1672(C) itself operated to render La. C.C. arts. 3462 and 3463 inapplicable to suits dismissed without prejudice when the defendant was a non-state party.
 
 Bordelon
 
 concluded that “unless that un-served party is the state, that lawsuit, although not timely | .¡served, interrupts
 
 *748
 
 prescription, unless the court finds that failure to request service was due to plaintiffs bad faith.”
 
 Id.
 

 [10]
 

 Consequently, Ms. Pate was required to file her second suit not later than February 18, 2003 and to request service on the RTA within ninety days of filing of the lawsuit.
 
 [11]
 
 Since she failed to file this second lawsuit by that date, the trial court’s granting of the exception of prescription is correct.
 

 Ms. Pate’s Claim of Nullity
 

 Ms. Pate seeks to convert her appeal from the judgment granting the exception of prescription into an action for nullity. She argues that the RTA misled the trial court about whether she had in fact timely requested service on the RTA.
 
 [12]
 
 Essentially, Ms. Pate wishes that we would revisit her first petition to ascertain whether she in fact timely requested service. She urges us to apply La. C.C.P. art. 2001
 
 et seq.
 
 regarding actions for nullity. This we cannot do.
 

 First, Ms. Pate has not even filed an action for nullity. The lawsuit
 
 sub judice
 
 is an action for damages. Second, we can discern no basis on which Ms. Pate was prevented from presenting evidence to the trial court at the time the RTA first moved for a dismissal on the grounds that she had not timely requested service on the RTA and, being unsuccessful in the trial court, from timely appealing the judgment of dismissal without prejudice. Third, since we have the first petition in the record before us as an exhibit to the RTA’s exception, we are able to observe |fithat while Ms. Pate may have timely requested service on the RTA, her request was not proper because she failed to identify any person or entity as the agent for service of process, and, therefore, she certainly did not request service upon the proper agent.
 
 [13]
 

 Johnson v. University Medical Center in Lafayette,
 
 07-1683, pp. 2-3 (La.11/21/07), 968 So.2d 724, 725. The Louisiana Supreme Court in
 
 Tranchant v. State,
 
 08-0978, p. 7 (La.01/21/09), 5 So.3d 832, very recently reiterated the
 
 Johnson
 
 requirement:
 

 Service upon the defendant pursuant to La. R.S. 13:5107(D)(1) requires an accurate request of service upon the proper agent.
 
 [Johnson
 
 citation omitted] For service to be requested and effectuated, the clerk must be provided with the
 
 correct name and address of those persons to be served.
 
 In our view, the plain language of La. R.S. 13:5107(D)(1), without more, requires that the clerk receive this information
 
 *749
 
 before it can be “requested.” (emphasis added)
 

 Ms. Pate was too late in requesting service on the RTA in the first suit and she is too late in seeking a review of the merits of the dismissal occasioned by that failure. Her cause of action for inhaling dangerous chemical fumes is prescribed.
 

 The Trial Court’s Judgment
 

 The trial court’s judgment simply granted the exception of prescription. When the exception of prescription is granted, the action “shall be dismissed.” La. C.C.P. art. 934. A lawsuit dismissed because it is prescribed is over and the dismissal ought to be with prejudice.
 
 [14]
 

 Ubosi v. Sowela Technical Institute,
 
 584 So.2d 340 (La.App. 3rd Cir.1991).
 

 Decree
 

 |7For the foregoing reasons, we amend the judgment to set forth that the plaintiffs’ lawsuit is prescribed and, accordingly, it is dismissed with prejudice at their costs.
 

 JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.
 

 [1]
 

 . For simplicity we refer to all the plaintiffs as Rebecca Pate or Ms. Pate. The other plaintiffs are Sharon Clark and Reva Morgan, individually and on behalf of her minor child, Renia Gant.
 

 [2]
 

 . For simplicity we refer to the Regional Transit Authority as RTA, and include in our reference the Transit Management of Southeast Louisiana, or TMSEL, an entity which participates in the operation of the RTA buses in New Orleans.
 

 [3]
 

 .That filing bore # 2002-8189 on the docket of the Civil District Court for the Parish of Orleans.
 

 [4]
 

 . February 15, 2003 was a Saturday and February 17, 2003 was a legal holiday.
 
 See
 
 La. C.C. art. 3454.
 

 [5]
 

 . At least one judge of this court has questioned the constitutionality of La. R.S. 13:5107 in that it seems to place "the state and its employees in a better position in litigation matters”. See
 
 Tranchant v. State, 07-
 
 1273, p. 2-3 (La.App. 4 Cir. 3/13/08), 978 So.2d 1174, 1180 (Tobias, J., concurring). Neither in
 
 Tranchant
 
 nor in this case did the parties raise the constitutionality of the statute and the issue was never reached.
 
 Tran-chant
 
 was recently overruled by the Supreme Court. 08-0978 (La. 1/21/09), 5 So.3d 832, holding that the plaintiffs did not timely request service on the state defendants within ninety days of filing suit.
 

 [6]
 

 . See
 
 Johnson v. Regional Transit Authority,
 
 00-2647, p. 2 (La.App. 4 Cir. 4/18/01), 785 So.2d 1015, 1016 with a
 
 caveat
 
 that its language which seemingly requires
 
 service
 
 to be effected on a state defendant within 90 days has never been followed by any other court or panel of this court and the statement, it seems, is unsupported by the language of the statute. On the issue of the distinction between “requesting’’ service and “effecting” service see
 
 Lockett v. Reese,
 
 04-0328 (La.App. 4 Cir. 4/28/04), 874 So.2d 913.
 

 [7]
 

 . The correlative statute for TMSEL is La. R.S. 13:5102(B)(2) which provides in pertinent part: “B. As the term is used in this Part, ‘political subdivision’ means: ... (2) Any private entity, such as Transit Management of Southeast Louisiana, Inc. (TMSEL), including its employees, which on behalf of a public transit authority was created as a result of Section 13(C) of the Urban Mass Transportation Act, ...”
 

 [8]
 

 . There is no argument that the prescriptive period in this case was suspended. Suspension of prescription is governed by La. C.C. art. 3467
 
 et seq.
 
 La. C.C. art. 3472 specifically provides that: "The period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of the period of suspension.”
 

 [9]
 

 . See
 
 Thomas v. Louisiana Dept. of Public Safety and Corrections,
 
 02-0897 (La.App. 1 Cir. 3/28/03), 848 So.2d 635, and
 
 Borrello v. City of Kenner,
 
 99-420 (La.App. 5 Cir. 11/30/99), 750 So.2d 230.
 

 [10]
 

 . The consequences of "bad faith" failure to request timely service, which is governed by La. R.S. 9:5801, are not pertinent to this case.
 

 [11]
 

 . When a petition reveals on its face that prescription has run, the plaintiff bears the burden of establishing that the claim has not prescribed.
 
 LeBreton v. Rabito,
 
 97-2221 (La.7/8/98), 714 So.2d 1226, 1228. Ms. Pate has pointed to no other basis than her pen-dency of her first lawsuit to avoid the consequences of the liberative prescription of one year. There are, for example, no other non-state defendants alleged by Ms. Pate to be jointly liable with the RTA.
 
 See Cali v. Cory,
 
 04-1227 (La.App. 4 Cir. 11/3/04), 886 So.2d 648; La. C.C. art. 2324(C).
 

 [12]
 

 . In her original brief at p. 2 Ms. Pate writes: "The judgment of the Court rendered on December 26, 2007, was based solely equally on technicality and misleading information provided to the trial court by the [RTA].”
 

 [13]
 

 . The request in the first petition was typed and read:
 
 "PLEASE SERVE:
 
 Regional Transit Authority, 6700 Plaza Drive, New Orleans, LA 70127”. Below that typewritten request is the handwritten request: "Please reissue service on the defendants. Pius Obioha 2/28/05”.
 

 [14]
 

 . Of course, there are exceptions, such as when the Supreme Court remanded a matter to allow a client to plead the unconstitutionality of a peremptive statute.
 
 Reeder v. North,
 
 97-0239 (La.10/21/97), 701 So.2d 1291.