NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-1420

MARETTA BENOIT

VERSUS

LOUISIANA STATE UNIVERSITY HEALTH SCIENCES CENTER, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 233,641
HONORABLE GEORGE CLARENCE METOYER JR., DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Joseph Richard Kutch
1010 Main Street
Pineville, LA 71360
(318) 448-6155
COUNSEL FOR PLAINTIFF/APPELLANT:
    Maretta Benoit

**Judith M. Williams**
**Assistant Attorney General**
**429 Murray Street, 4th Floor**
**Alexandria, LA 71301**
**(318) 445-4516**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Huey P. Long Medical Center**
     **Louisiana State University Health Sciences Center**

**EZELL, Judge.**

Maretta Benoit appeals the trial court's granting of exceptions of prescription and improper service in favor of the State of Louisiana, through the Board of Supervisors of Louisiana State University appearing through LSU Health Sciences-Shreveport, d.b.a. Huey P. Long Medical Center (hereinafter, the State). For the following reasons, we affirm the decision of the trial court.

Ms. Benoit was involuntarily committed to Huey P. Long on or about December 24, 2007, for psychiatric treatment. She alleges mistreatment by a hospital employee after she attempted to "baptize" the employee's forehead with water from the toilet in her room. Ms. Benoit filed her petition on December 22, 2008, alleging an intentional tort and medical malpractice. The State was not served because she had simply named the hospital and served it at its physical address, rather than serving the proper state agent or the attorney general. The State raised exceptions of insufficiency of service of process, prescription, and prematurity. On oral application of Ms. Benoit, the medical malpractice claim was dismissed, rendering the exception of prematurity moot. The trial court granted the remaining exceptions of insufficient service and prescription. From that decision, Ms. Benoit appeals.

Ms. Benoit asserts as her sole assignment of error that the trial court erred in granting the exceptions of insufficient service and prescription. However, in her four-and-one-half page brief, Ms. Benoit discusses almost exclusively the un-appealed exception of prematurity. Only four sentences deal with the error assigned. Assignments of error neither argued nor briefed are deemed abandoned on appeal. *State v. Wright*, 445 So.2d 1198 (La.1984); *Baier v. Woman's Hosp. Found.*, 340 So.2d 360 (La.App. 1 Cir. 1976), *writ denied*,

342 So.2d 224 (La.1977). Counsel for Ms. Benoit has done little to nothing to prevent his client's only assignment of error being waived. However, we will address it out of fairness to her.

With few exceptions, citation and service are essential in all civil actions. La. CodeCiv.P. art. 1201(A). Proper citation is the cornerstone of these actions. *Naquin v. Titan Indem. Co.,* 00–1585, (La. 2/21/01), 779 So.2d 704. Louisiana Revised Statutes 13:5107, pertaining to suits against state agencies, reads, in pertinent part:

> A. (1) In all suits filed against the state of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or on any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
>
> . . . .
>
> D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
>
> (2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.

"The requirement that service upon defendant be requested within the 90-day period should reasonably be read to require an accurate request of service upon the proper agent for defendant." *Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport*, 02-2576, p.2 (La. 2/7/03), 841 So.2d 725, 726. "For service to be requested and effectuated, the clerk must be provided with the correct name and address of those persons to be served. In our view, the plain language of La. R.S. 13:5107(D)(1), without more, requires that the clerk receive this information before it can be considered 'requested.'" *Tranchant v. State*, 08-978, p.7 (La. 1/21/09), 5 So.3d 832, 836. Moreover, it is equally well-established that mere confusion over a party's proper service information is not a sufficient basis for failure to abide by the service and citation mandates of the statute. *Johnson v. Univ. Med. Ctr. of Lafayette,* 07-1683 (La. 11/21/07), 968 So.2d 724.

> Applying these dictates by the Supreme Court, we must conclude that the request for service of process upon the wrong agent for service of process for the state agency involved herein was not a "valid and effective request" and likewise is void and without effect. In sum, in order to satisfy the requirement of LSA–R.S. 13:5107(D) that a request for service of process be made within ninety days, the request must be a valid and effective request, naming the proper party or agent for service of process.

*Thomas v. Louisiana Dept. of Pub. Safety & Corr.,* 02-897, p.7 (La. App. 1 Cir. 3/28/03), 848 So.2d 635, 639, *writ denied*, 03-2397 (La. 11/21/03), 860 So.2d 552.

Here, Ms. Benoit failed to properly request service against the State in the time allowed by La.R.S. 13:5107. Since she failed to properly request service, her suit did not interrupt or suspend the running of prescription against the State. *Pate v. Reg'l Transit Auth.,* 08-1147 (La. App. 4 Cir. 3/11/09), 8 So.3d 744. Because correct service was not accomplished timely in this case, and because plaintiff did

not attempt service within ninety days on any proper agent, dismissal without prejudice is required. There is no error in the trial court's ruling.

For the above reasons, the judgment of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Benoit.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.