FREDERICKA HOMBERG WICKER, Judge.
12Appellant, Paul Maclean, appeals the trial court’s dismissal of his Petition for *1273 Intervention. Because we find that the trial court properly dismissed Maclean’s petition for intervention pursuant to La. C.C.P. art. 934, we affirm the trial court’s judgment.

FACTUAL AND PROCEDURAL HISTORY

On April 19, 2004, Nancy Blanchard and Park Plantation, LLC (hereinafter “plaintiffs”) filed suit against various defendants[1] for damages arising out of mineral leases granted to defendants by plaintiffs’ predecessor-in-interest, Betty Blanchard, on plaintiffs’ property, referred to as “Park Plantation.”[2] On March 25, 2011, Paul Maclean, appellant herein, filed a Petition for Intervention, asserting a “legal interest in the minerals and production of the disputed property and thereby, the outcome of this litigation.” Maclean, naming various defendants-in-intervention[3] (“defendants”), alleged in his petition that the current litigation is the | ..¡third of four lawsuits connected to a 1942 mineral lease on Park Plantation; that he was named Betty Blanchard’s agent to handle the leases and litigation related to the Park Plantation property;[4] and that he was a party-plaintiff in a 1986 lawsuit concerning the property, which resulted in a 1996 settlement agreement with certain defendants. He further alleged that the 1996 settlement contract is contrary to public policy because it aided in concealing environmental hazards on the property and is therefore null and void ab initio,[5] Finally, he alleged that, in return for his services, Betty Blanchard granted unto him a mineral lease interest on Park Plantation property and that he is entitled to damages for environmental hazards created and concealed by certain defendants.
In response to Maclean’s Petition for Intervention, defendants filed dilatory exceptions of vagueness, ambiguity, lack of procedural capacity, and nonconformity of the petition, and peremptory exceptions of no right of action and no cause of action. All defendants, with the exception of Lin-der Oil Company and Linder Energy Company, also filed the peremptory exception of non-joinder of an indispensable party under La. C.C.P. arts. 641 and 642, asserting that Maclean failed to name plaintiffs, Nancy Blanchard and Park Plantation, L.L.C. as indispensable parties and defendants-in-intervention.[6] After a September 30, 2011 hearing, the trial judge informed the parties that he would be taking the matter under advisement. The trial judge allowed the parties to file post-hearing memoranda within one week prior to taking the matter under advisement. The trial judge indicated that he would not *1274 render a decision quickly, recognizing the ^voluminous record and history of the case, stating that, “[i]t [the judgment] won’t be finished like that. There is a lot here.”
On June 11, 2012, the trial judge rendered a judgment on defendants’ exceptions.[7] The judgment denied defendants’ exceptions of lack of procedural capacity and no right of action, finding that, based on the allegations in the petition for intervention, Maclean is an affected party with an interest in the outcome of the litigation. The judgment granted the remaining exceptions, including defendants’ peremptory exceptions of no cause of action and non-joinder of indispensable parties, finding that Maclean failed to properly state any cause of action against any defendant and failed to join plaintiffs, Nancy Blanchard and Park Plantation, L.L.C. as defendants-in-intervention.[8] Although the judgment granted certain exceptions, the judgment further granted Maclean fifteen days to amend his petition to cure the objections raised by the exceptions. Maclean failed to amend his petition within the fifteen-day time period.[9]
On August 8, 2012, defendants filed a joint motion to dismiss Maclean’s petition for intervention, asserting that Maclean’s petition should be dismissed with prejudice for failure to comply with the trial court’s order permitting amendment, |sciting La. C.C.P. art. 934.[10] On August 16, 2012, the *1275 trial judge signed a Rule to Show Cause setting defendants’ motion to dismiss for a contradictory hearing on November 2, 2012.[11] Maclean did not file an opposition to the joint motion to dismiss. Maclean did not attend or make an appearance at the November 2, 2012 hearing on defendants’ motion to dismiss.[12] After brief oral argument, the trial judge granted defendants’ joint motion to dismiss and dismissed Maclean’s petition for intervention with prejudice.[13] Maclean now appeals.

DISCUSSION

The June 11, 2012 judgment granted certain dilatory and peremptory exceptions but further granted Maclean fifteen days to amend his petition to remove the objections raised by the exceptions. Maclean failed to amend within the fifteen days granted by the trial judge. We find that La. C.C.P. arts. 932[14] and 934 mandate dismissal under the facts of this case. Regarding the granting of peremptory exceptions, La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
(emphasis added).
|fiWe find that the mandatory “shall” language provided in La. C.C.P. art. 934 required the trial judge to dismiss Mac-lean’s petition for intervention in this case. Maclean asserts that his petition should not be dismissed because he did not receive notice of the June 12, 2012 judgment on defendants’ exceptions. The record reflects that notice was issued to Maclean’s counsel. The record further indicates that Maclean’s counsel moved law offices and failed to inform the Court of his change of address prior to the court issuing the judgment. Most importantly, the record reflects, and Maclean concedes, that he did receive notice of the November 2, 2012 hearing on defendants’ “Joint Motion to Dismiss the Intervention of Paul Maclean With Prejudice” and the record further is clear that Maclean failed to oppose the motion or appear for the contradictory hearing set. Therefore, we find the trial judge did not err in dismissing Maclean’s petition for intervention.[15] Further, because the judgment at issue granted vari *1276 ous peremptory exceptions, which are intended to preclude an action, we find the trial judge did not err in dismissing Mac-lean’s petition for intervention with prejudice.[16]
Maclean further complains that the trial judge did not render his judgment until June 11, 2012, several months after the September 30, 2011 hearing. 17Maclean asserts that the trial judge, in failing to render his judgment within thirty days, violated La. R.S. 1S:4207.[17] However, the trial judge’s compliance with La. R.S. 13:4207 is irrelevant to the analysis at issue. This Court has held that “although La. R.S. 13:4207 requires a trial judge to render a judgment in a case taken under advisement within 30 days of submission of the case, it does not provide that a judgment rendered later than that is invalid.” Farrell v. Pierre, 02-1136 (La.App. 5 Cir. 4/8/03), 846 So.2d 49, 52. Rather, this Court has found that the penalty for violating La. R.S. 13:4207 “ ‘is solely a penalty to the judge and not invalidity of the judgment.’ ” Id. (citing Dragon v. Schultz, 97-664 (La.App. 5 Cir. 1/14/98), 707 So.2d 1274, 1276). Therefore, we do not consider whether the trial judge violated La. R.S. 13:4207, as it is inapplicable to our analysis or review of the appealed judgment in this case.
Accordingly, for the reasons provided herein, the judgment of the trial court is affirmed.[18]

AFFIRMED.

. Named defendants in plaintiffs’ original petition are Linder Oil Company, Tortuga Operating Company, and Blanchard 1986, Ltd.

. In plaintiffs’ original petition for damages, plaintiffs allege that Linder Oil Company and Tortuga Operating Company created and concealed environmental hazards discovered on Park Plantation; created subsurface damages; and have failed to explore for oil and thus failed to pay sufficient royalties.

. Named defendants-in-intervention are BP Corporation of North America, Inc., successor in title to Atlantic Richfield Company (ARCO), Texaco Exploration and Production, Chevron USA, Inc., Chevron USA Holding, Inc., Marathon Oil Company, Tortuga Interest, Inc., Tortuga Operating Company, Linder Energy Company, Blanchard 1986, John E. Hiñe, and Peter L. Turbett.

. Betty Blanchard is now deceased.

. This case has a complex procedural history. The 1996 settlement agreement in this case has been previously challenged in a separate federal lawsuit. See Blanchard 1986, Ltd. v. Park Plantation, LLC, 553 F.3d 405, 409 (5th Cir.2008).

. Defendant-in-intervention Texaco also filed an exception of res judicata.

. The record reflects that the clerk of court issued notice on June 21, 2012 and mailed notice to all parties on June 22, 2012.

. The June 21, 2012 judgment granted defendants' dilatory exceptions of vagueness, ambiguity, and nonconformity with the petition; denied the exceptions of lack of procedural capacity and no right of action; denied in part and granted, in part, Texaco's exception of res judicata — granted only as to those claims arising prior to the 1996 settlement in the previous litigation; and granted the peremptory exceptions of no cause of action and non-joinder of party under La. C.C.P. art. 641 and 642. The judgment granted Maclean fifteen days to amend his petition to cure the objections raised by the various exceptions.

. On August 3, 2012, forty-two days after the clerk issued notice of the June 21, 2012 judgment, Maclean filed a motion for extension of time to file his amended petition, asserting that "for indeterminate reasons” he did not receive the trial court’s June 11, 2012 judgment until July 26, 2012. On August 8, 2012, the trial court denied Maclean’s motion for extension of time, finding that Maclean had failed to inform the court of a new address and telephone number and that notice was issued to counsel's address provided to the court. Despite the trial court's judgment, Maclean filed an amended petition on August 10, 2012. On September 7, 2012, Maclean fax-filed a motion for appeal and/or notice of intent to apply for supervisory writ from the trial court’s denial of his motion for extension of time. However, Maclean failed to properly file his motion for appeal and/or notice of intent to apply for supervisory writ. La. R.S. 13:850 requires that, when a party files a pleading through facsimile, the filing party "shall" submit the original signed document, applicable filing fee, and a $5.00 transmission fee, to the clerk of court within seven days, exclusive of legal holidays, after the clerk of court has received the transmission. The provisions of La. R.S. 13:580 are mandatory in order for a facsimile filing to have force and effect. See Yates v. State Farm Mut. Auto. Ins. Co., 04-1028 (La.App. 5 Cir. 1/25/05), 894 So.2d 1157, 1159. The record reflects that Maclean’s motion was fax-filed but there is no evidence indicating that Maclean complied with the mandatory provisions of La. R.S. 13:580. Accordingly, the September 7, 2012 motion was never properly filed, thus having no effect, and the trial court properly denied the motion.

.La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

. The record indicates that service was issued to Maclean, through his counsel of record, at the new address provided to the court. Maclean does not allege in his briefs to this Court that he did not receive notice of the November 2, 2012 hearing on defendants’ motion to dismiss. Rather, counsel indicates that he elected not to attend the hearing and chose to await the trial court's decision on the improperly filed motion for appeal.

. Further, at the hearing on the motion to dismiss, defense counsel represented to the court that Maclean was in fact served with notice of the November 2, 2012 hearing on August 24, 2012 and that no opposition had been filed.

. As to the granting of the dilatory exceptions, the petition was dismissed without prejudice and as to the peremptory exceptions, the petition was dismissed with prejudice.

. La. C.C.P. art. 932, in pertinent part, provides:
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action, claim, demand, issue, or theory subject to the exception shall be dismissed.

. In this appeal, Maclean also assigns as error the trial judge’s June 11, 2012 judgment on defendants’ exceptions. We find the designated record before us is insufficient to determine whether Macleans’ petition for interven *1276 tion is procedurally proper. The designated record does not include plaintiffs’ supplemental petitions in this matter, referenced by the trial judge in its June 11, 2012 judgment. It is well settled that an intervenor takes the proceedings as he finds them and cannot substitute himself for one of the parties and urge matters that enlarge the issues or modify the basic procedural nature of the principal demand by way of intervention. Mike M. Marcello, Inc. v. Louisiana Gaming Control Bd., 04-0488 (La.App. 1 Cir. 5/6/05), 903 So.2d 545, 548. Further, this Court has held that La. C.C.P. art. 1091 does not allow an interve-nor to add new parties to the suit by way of the intervention. Wallace v. Nathan, 96-119 (La.App. 5 Cir. 7/30/96), 678 So.2d 595, 598. The reason why the intervenor's rights are so limited is because he always has his own remedy by a separate action to inject new issues. IberiaBank v. Live Oak Circle Dev., L.L.C., 12-1636 (La.App. 1 Cir. 5/13/13), 118 So.2d 27, 32.
Plaintiffs’ original petition, provided in this designated record, names only three defendants and does not seek the same relief sought by Maclean in his petition for intervention, i.e., to have the alleged 1996 settlement agreement declared void. Considering only the designated record on appeal, Maclean’s petition for intervention appears to add several new parties-defendants and raises new claims based on facts not originally pled by plaintiffs in their original petition in this record. Accordingly, considering only the designated record before us, we cannot determine if Maclean’s petition for intervention was procedurally proper.

. See also Downs v. R.T.S. Sec., Inc., 95-835 (La.App. 3 Cir. 1/31/96), 670 So.2d 434, 439, writ denied, 96-1325 (La.9/13/96), 679 So.2d 104, citing Ubosi v. Sowela Technical Institute, 584 So.2d 340 (La.App. 3 Cir.), writ denied, 589 So.2d 1075 (La.1991) (which found that "[wjhile Article 934 does not explicitly say 'with prejudice,’ the peremptory exceptions are designed to preclude a right of action.”)

. La. R.S. 13:4207 provides:
If oral reasons for judgment are not rendered in open court and the matter taken under advisement, the district judges and judges of the city courts shall render a written judgment within thirty days from the time the cases are submitted for their decision. All motions or applications for a new trial and all orders of appeal shall be passed upon by judges of the city court within three days from the time such motions or applications for new trial or orders of appeal are submitted to them for their decision and by district court judges within seven days from the time such motions or applications for a new trial or orders of appeal are submitted to them for their decision; but by the written consent of the attorneys representing both sides, filed in the records or spread upon the minutes, the time herein granted may be extended for a further period of ten days, but no longer.

. Maclean also complains that he is an indispensable party in this litigation. On the designated record before us, which does not include plaintiffs’ amended petitions, we are unable to determine if Maclean is in fact an indispensable party to the underlying action. The failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion. La. C.C.P. art. 641; see also Frey v. American Quarter Horse Ass’n, 95-157 (La.App. 5 Cir. 7/25/95), 659 So.2d 849. Therefore, the parties, or the trial judge on his own motion, may raise this issue in the trial court. On the designated record before us, however, we are unable to make this determination.