NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-644
consolidated with 18-876

ERIC DEWAYNE CURTIS

VERSUS

MICHELS CORPORATION, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2017-104
HONORABLE E. DAVID DESHOTELS, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

PHYLLIS M. KEATY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

Allen J. Krouse, III
Suzanne M. Risey
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
(504) 599-8000
Counsel for Defendants/Appellants:
      Michels Corporation
      William Fee

**Christian C. Creed**
**Creed and Creed**
**1805 Tower Drive**
**Monroe, Louisiana  71201**
**(318) 387-5800**
**Counsel for Plaintiff/Appellee:**
     **Eric DeWayne Curtis**

**Catherine Leary**
**Attorney at Law**
**Post Office Box 472**
**Westwego, Louisiana  70096**
**(504) 436-9648**
**Counsel for Plaintiff/Appellee:**
     **Eric DeWayne Curtis**

**Michael Hays**
**Michael Hays Law, PLLC**
**10000 Memorial Drive, Suite 300**
**Houston, Texas  77024**
**(713) 752-8300**
**Counsel for Plaintiff/Appellee:**
     **Eric Dewayne Curtis**

**KEATY, Judge.**

Michels Corporation and William Fee appeal the trial court's judgment granting a peremptory exception of prescription. For the following reasons, the trial court's judgment is affirmed.

**FACTS AND PROCEDURAL HISTORY**

This appeal examines the decretal language contained in a judgment granting a peremptory exception of prescription. The lawsuit arises from a workplace accident which occurred on or about February 2, 2016, in Vermont when Eric Dewayne, Plaintiff herein and a Louisiana domiciliary, claims he was injured due to the negligence of Michels, Fee, and Vermont Gas Systems, Inc. (VGS). Plaintiff filed two parallel lawsuits in Vermont and Louisiana against the three defendants. The Louisiana lawsuit, which was initiated on March 23, 2017 as a Petition for Damages, is the subject of the instant appeal. The matter was briefly removed to federal court and subsequently remanded back to state court.

On March 22, 2018, Plaintiff's workers' compensation carrier, First Liberty Insurance Corporation, filed a Petition of Intervention. On April 16, 2018, Michels and Fee filed an Answer to the intervention and asserted an affirmative defense of prescription. On July 17, 2018, First Liberty filed a Motion and Order For Voluntary Dismissal of Michels, Fee, and VGS. On that same day, the trial court granted the dismissal without prejudice.

With respect to Plaintiff's original Petition for Damages, Fee filed an Answer on April 4, 2018. On April 5, 2018, Michels and Fee filed an Exception of Prescription and sought dismissal with prejudice. VGS filed a Declinatory Exception of Lack of Personal Jurisdiction on April 16, 2018. VGS filed an Amended Declinatory Exception of Lack of Personal Jurisdiction on June 1, 2018. On June 6, 2018, Plaintiff filed an unopposed Motion to Dismiss VGS without

prejudice for lack of personal jurisdiction. On that same day, the trial court issued a Judgment dismissing Plaintiff's claims against VGS without prejudice. On June 13, 2018, Plaintiff filed an opposition to Michels' and Fee's (hereinafter "Defendants") Exception of Prescription along with a Motion to Dismiss his claims against those Defendants, without prejudice. At the hearing on Defendants' Exception of Prescription on June 21, 2018, the trial court noted that Plaintiff's pending Motion to Dismiss was "not to be argued, or schedule[d] before the Court" during the instant hearing. The trial court advised that it would "just go forward with the Peremptory Exception of Prescription" and proceeded to hear oral arguments from both parties. At the conclusion of the hearing, the trial court orally ruled as follows:

> The Court does find that clearly on the face of the pleadings on the Petition that more than one year has elapsed since from the accident and to the time that the petition was filed. . . . So, the Court finds that the Plaintiffs have failed to show why their matter has not prescribed. And the Court does grant the Exception of Prescription, pursuant to Louisiana Civil Code, Article 934, granting judgment in favor of the exceptor claiming that the matter has prescribed. And therefore, the matter shall be dismissed. The Court will use the language that is found in the Article 934. It says the matter shall be dismissed. And the Court will not comment further from there so as not to influence other courts and whatever laws might be applicable in other courts.

The following colloquy then occurred between Defendants' counsel and the trial court:

**MR. KROUSE:**

> Your Honor, so the record is clear, your ruling today is a dismissal but you are not going to render it with or without prejudice. Is that correct?

**THE COURT:**

> The ruling of the Court is to grant your Motion and dismiss the case pursuant to Article 934.
>
> . . . .

2

**THE COURT:**

The effects of that dismissal, how it plays out in other courts is for other courts to decide, and for another time.

After orally granting the exception, the parties were instructed to submit a proposed judgment. Both parties were unable to agree on the language to include therein, and each submitted their own proposed judgments. On July 17, 2017, the trial court rendered its own judgment which stated the following:

> **IT IS ORDERED** that Defendants' Exception of Prescription is GRANTED, pursuant to Louisiana Civil Code article 934. All claims against defendants, Michels Corporation and William Fee, asserted herein are hereby dismissed.

Both Defendants and Plaintiff appealed on July 31, 2018 and September 11, 2018, respectively. Plaintiff filed an Unopposed Motion to Consolidate on November 13, 2018, in this court noting that the trial court's Clerk of Court processed the two appeals separately under different docket numbers. As such, Plaintiff asked that both appeals be consolidated. On November 14, 2018, this court granted the unopposed motion and consolidated the instant appeal with the companion case hereto, *Curtis v. Michels Corp.*, 18-876 (La.App. 3 Cir. __/__/__) (unpublished opinion).

Defendants assert one assignment of error on appeal, contending that the trial court erred in failing to dismiss, with prejudice, Plaintiff's lawsuit in accordance with La.Code Civ.P. art. 934 and controlling third circuit precedent.

Plaintiff asserts three assignments of error on appeal. In his first assignment of error, Plaintiff asks, "Did the trial court err or abuse its discretion in declining to dismiss plaintiff's Louisiana lawsuit *with prejudice*?" In his second assignment of error, Plaintiff asks, "Did the trial court err or abuse its discretion in declining to dismiss plaintiff's Louisiana lawsuit *without prejudice* and/or in failing to include language which expressly reserves plaintiff's right to proceed in Vermont?" In his

3

final assignment of error, Plaintiff asks, "Are defendants' arguments on this appeal barred by the doctrine of collateral estoppel and/or by other legal principles which militate against rendering two judgments in the same case which are inconsistent with each other?"

## STANDARD OF REVIEW

The applicable standard of review regarding a peremptory exception of prescription was discussed in *Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043, as follows:

> The exception of prescription is governed by La.Code Civ.P. art. 927. The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct.

## DISCUSSION

Defendants' assignment of error and Plaintiff's first two assignments of error question whether the trial court should have included certain decretal language in its judgment. Specifically, Defendants contend the trial court should have included the phrase "with prejudice" when it granted the exception of prescription. Defendants ask this court to amend the trial court's judgment to provide that Plaintiff's lawsuit is dismissed with prejudice.

On the other hand, Plaintiff asks this court to enter a judgment which dismisses his claim "without prejudice" and/or which contains other language reserving his right to proceed in Vermont in the event that the Vermont court deems such a procedure permissible under its laws. Plaintiff asks that all costs of the trial proceedings and this appeal be taxed to Defendants. Plaintiff contends that

4

Defendants have not clearly explained the issue on appeal. According to Plaintiff, the issue is whether his claim is time barred in Vermont, not Louisiana.

At the outset, we note that Defendants' exception, which the trial court ruled on, arose from a suit filed by Plaintiff in a Louisiana court. Defendants' exception addressed whether Plaintiff's lawsuit prescribed in Louisiana, not Vermont. As such, the issue before this court on appeal is whether Plaintiff's Petition for Damages was timely filed according to the laws of Louisiana. In his petition, Plaintiff alleges that he is a Louisiana domiciliary who was injured in Vermont while working in the course and scope of his employment as a pipe inspector with McDaniel Technical Services, Inc. Plaintiff claims he was injured by Defendants' negligence. Plaintiff's petition, therefore, asserts a tort, i.e., a delictual action. In Louisiana, "[d]elictual actions are subject to a liberative prescription of one year" which "commences to run from the day injury or damage is sustained." La.Civ.Code art. 3492.

The objection of prescription is raised by the peremptory exception. La.Code Civ.P. art. 927(A)(1). Louisiana Code of Civil Procedure Article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

"Generally, the burden of proof lies on the party pleading the exception of prescription. However, if it is apparent from the face of the pleadings that prescription has occurred, the burden shifts to the plaintiff to show that the action has not prescribed." *Allain v. Tripple B Holding, LLC*, 13-673, pp. 9-10 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278, 1285 (citation omitted).

In his petition, Plaintiff alleged that the injury-causing accident occurred on February 2, 2016. Plaintiff's petition was filed over one year later on March 23,

5

2017, in violation of La.Civ.Code art. 3492. As such, his action appears prescribed on the face of the pleadings. Therefore, Plaintiff had the burden to prove that his action had not prescribed.

Before reviewing whether Plaintiff met the burden of proving that his action had not prescribed, we must address whether any evidence was offered at the hearing on the exception. The transcript of the hearing indicates that Plaintiff's counsel stated the following:

> We had identified exhibits in our memorandum and I would like to offer them into evidence at this time. Exhibit 1, the entire federal record, which is available online, but we didn't attach it to our memorandum . . . because it is so voluminous. But we would ask the Court to take judicial notice of the federal record.

Plaintiff's counsel advised that the federal court found that Vermont substantive law was controlling. Defendants' counsel objected to its introduction based on relevancy. The trial court permitted introduction of the evidence over the objection. Plaintiff's counsel also offered into evidence a second exhibit, which counsel identified as "the exhibits attached to Vermont Natural Gas in its exception of lack of personal jurisdiction filed in this court." Counsel noted that those exhibits were already in the trial court's record but wanted to "incorporate them by reference and offer them in support of" Plaintiff's position. Defendants' counsel again objected to its relevancy, and the trial court permitted the evidence over the objection.

The record before us on appeal, however, contains no exhibits for us to review. "Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 88. In *Denoux*, the supreme court also explained that, "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal."

6

*Id.* Therefore, in the instant matter, we review the trial court's decision to determine whether it was legally correct.

At the hearing, Plaintiff argued that his claims were timely filed because they are subject to Vermont's three-year statute of limitations as opposed to the one-year prescriptive period under La.Civ.Code art. 3492. Plaintiff's counsel stated that "we do not concede that the case is prescribed on its face. We think that on its face it is a choice of law case, and Vermont law applies." As we stated above however, the issue raised in Defendants' exception and ruled on by the trial court was whether Plaintiff's lawsuit was timely filed in Louisiana, not Vermont. A review of the transcript shows that Plaintiff offered no evidence at the hearing to show that the matter had not prescribed under Louisiana law. At the close of oral arguments, the trial court found that Plaintiff was unable to meet his burden and that the matter had prescribed on the face of the petition. Specifically, the trial court noted:

> [T]he burden shifts to the Plaintiff to show some kind of reason why the matter is not prescribed. The Court finds that the arguments that were presented before the Court having to do with choice of law, I am not aware of what the Vermont statutes hold with respect to prescription or anything else, and the Court is not gonna go there. So, the Court finds that the Plaintiffs have failed to show why their matter has not prescribed.

After our review of the record and based upon the facts in the petition regarding when the accident occurred, we cannot say that the trial court erred in finding that Plaintiff's claim had prescribed in Louisiana.

On appeal, Defendants agree with the trial court's ruling that the matter prescribed but disagree with the trial court's failure to include the terms "with prejudice" in its judgment. In support of inclusion of those terms, Defendants cite *Ubosi v. Sowela Technical Institute*, 584 So.2d 340 (La.App. 3 Cir.), *writ denied*, 589 So.2d 1075 (La.1991), wherein the plaintiff alleged that the trial court erred in dismissing her prescribed suit with prejudice. The plaintiff argued that it was within

the trial court's discretion to determine whether the dismissal was with or without prejudice under La.Code Civ.P. art. 1672, the article governing involuntary dismissals. This court found that the plaintiff's argument lacked merit. The *Ubosi* court explained that La.Code Civ.P. art. 1672 applied "only when the plaintiff fails to appear on the date set for trial." *Id.* at 342. We further explained that "[t]he effect of a sustained peremptory exception is that the action shall be dismissed" pursuant to La.Code Civ.P. art. 934. We also held that, "While [La.Code Civ.P. art. 934] does not say with prejudice, peremptory exceptions are designed to preclude a right of action. When an action is prescribed, it is over. When an action is dismissed with prejudice, that means it cannot be filed again." *Id.*

Defendants also cite *Springer v. Nannie O'Neal Senior Apartments*, 14-1125 (La.App. 3 Cir. 4/1/15), 162 So.3d 710, *writ denied*, 15-858 (La. 6/5/15), 171 So.3d 951, wherein the plaintiff filed lawsuits in both state and federal court. The federal suit was voluntarily dismissed with prejudice, after which the defendants filed an exception of res judicata in state court. The trial court granted the exception and held that the plaintiff's premises liability claims were precluded. The defendants answered the subsequent appeal and asked this court to amend the trial court's judgment to indicate that it was with prejudice pursuant to La.Code Civ.P. art. 934. This court held that "although La.Code Civ.P. art. 934 does not explicitly say that a dismissal pursuant to the grant of a peremptory exception should be with prejudice, the peremptory exceptions are intended to *preclude* a right of action." *Id.* at 716. We then explained that based upon the factual scenario, the lawsuit was over when the exception was granted. In conclusion, we stated: "However, the issue has been raised and, in the interest of clarity, we will amend the judgment to indicate that the matter is dismissed with prejudice." *Id.* at 716.

8

Defendants further cite *Pate v. Regional Transit Authority*, 08-1147, p. 6 (La.App. 4 Cir. 3/11/09), 8 So.3d 744, 749, wherein the fourth circuit noted that "[t]he trial court's judgment simply granted the exception of prescription." It explained that "[w]hen the exception of prescription is granted, the action 'shall be dismissed.'" *Id.* (quoting La.Code Civ.P. art. 934). The fourth circuit revealed that "[a] lawsuit dismissed because it is prescribed is over and the dismissal ought to be with prejudice." *Pate*, 8 So.3d at 749 (footnote omitted). Accordingly, the fourth circuit amended the trial court's judgment to include the phrase "with prejudice." *Id.*

We find the foregoing jurisprudence factually distinguishable with respect to the instant matter. In *Ubosi*, 584 So.2d 340, the plaintiff argued that the trial court erred in dismissing her prescribed suit with prejudice whereas in the instant matter, the trial court's judgment was silent with respect to whether it was dismissed with or without prejudice. In *Springer*, 162 So.3d 710, the exception at issue dealt with an exception of res judicata whereas the exception at issue in this case deals with prescription. Moreover, the fourth circuit in *Pate*, 8 So.3d 744, opined that a prescribed lawsuit should be dismissed with prejudice rather than must be dismissed with prejudice.

Regardless, we note that other Louisiana jurisprudence supports a finding that the instant judgment should be without prejudice. In *Quality Environmental Processes, Inc. v. IP Petroleum Co., Inc.*, 16-230, p. 27 (La.App. 1 Cir. 4/12/17), 219 So.3d 349, 379, *writ denied*, 17-915 (La. 10/9/17), 227 So.3d 833, the first circuit explained:

> When a judgment is silent as to whether it is being dismissed with or without prejudice, the dismissal must be without prejudice. *State ex rel. Dep't of Soc. Serv. v. A.P.*, 2002-2372 (La.App. 1 Cir. 6/20/03), 858 So.2d 498, 503 n.10. A trial judge is vested with great discretion in dismissing a lawsuit with or without prejudice. *Howard v. Lee*, 50,366 (La.App. 2 Cir. 1/13/16), 185 So.3d 144, 153. Dismissal after trials on the merits, however, are to be with prejudice. *Citizens*

9

*Sav. Bank v. G & C Development, L.L.C.*, 2012-1034 (La.App. 1 Cir. 2/15/13), 113 So.3d 1085, 1088.

Additionally, in *Total Sulfide Services, Inc. v. Secorp Industries, Inc.*, 96-589 (La.App. 3 Cir. 12/11/96), 685 So.2d 514, the plaintiff appealed the trial court's judgment dismissing its suit "with prejudice" against the defendant based upon abandonment. The plaintiff argued that the suit should have been dismissed "without prejudice." This court amended the trial court's judgment to delete the phrase "with prejudice." We explained that the article governing abandonment "is silent on whether such dismissal shall be with or without prejudice." *Id.* at 514.

In this case, the trial court granted Defendants' peremptory exception of prescription, before a trial on the merits, without specifying whether it was with or without prejudice. Additionally, the article governing a peremptory exception, i.e., La.Code Civ.P. art. 934, is silent on whether such dismissal shall be with or without prejudice. Based upon the foregoing jurisprudence along with the trial court's great discretion in dismissing a lawsuit with or without prejudice, we affirm the trial court's judgment at issue.

### DECREE

For the above reasons, the trial court's judgment granting the peremptory exception of prescription is affirmed. Costs of this matter are split equally between the Plaintiff/Appellee, Eric Dewayne, and Defendants/Appellants, Michels Corporation and William Fee.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.