MAX N. TOBIAS, JR., Judge.
h The defendant/appellant, James Ellis Johnson, in proper person, appeals from a judgment denying his exception of improper venue and motion to dismiss a judgment debtor rule filed against him by the plaintiff/appellee, Janet Lee Moulton, Esquire. After reviewing the record and applicable law, we affirm the trial court’s judgment.
In October 2007, Ms. Moulton filed a petition on an open account in the First City Court for the City of New Orleans against Mr. Johnson, for services rendered in litigation pertaining to Mr. Johnson’s property, located at 8810 Stroelitz Street, New Orleans, Louisiana. Mr. Johnson, who was represented by counsel throughout the proceedings, did not challenge venue. On 14 April 2008, a money judgment in the amount of $8,414.12, plus interest, costs, and expenses, was awarded in Ms. Moulton’s favor; Mr. Johnson did not appeal the judgment and it became final.
On 20 August 2008, Ms. Moulton filed a motion for examination of the judgment debtor, which was personally served on Mr. Johnson on 13 September 2008. The parties appeared in court on 19 September, at which time Mr. Johnson ¡¡.requested a continuance. The motion was reset for 28 October 2008; both parties agreed to the new date in writing.
On 23 October 2008, Mr. Johnson filed an exception of improper venue that was denied by the trial court. In connection therewith, he filed a copy of his retainer agreement with Ms. Moulton, which stated that if suit was necessary to enforce payment of any outstanding fees and/or costs, it must be filed in Jefferson Parish. Mr. Johnson also filed a motion to dismiss, alleging that because all his financial records are in California, any motion that required him to produce them had to be filed there.
During Mr. Johnson’s examination, it was discovered that he failed to produce any financial documents and/or bank statements as outlined in the judgment debtor motion. The trial court ordered Mr. Johnson to produce the records within thirty days or be subject to contempt. On 20 November 2008, Mr. Johnson filed the instant appeal.
The issues presented for review are whether the trial court erred in denying Mr. Johnson’s exception of venue and motion to dismiss the proceeding. Mr. Johnson contends that because his financial documents are located in San Francisco, California, any request for financial documents must be made in a San Francisco court. Therefore, the case should be dismissed and refiled in California. He also points to the retainer agreement executed by the parties to support his objection to venue.
La. C.C.P. art. 2452 states as follows:
|SA. Except as provided in Paragraph B, the written motion for the examination of a judgment debtor shall be filed, and the proceedings conducted, in the court which rendered the judgment.
B. If the judgment debtor is an individual who is domiciled in the state but not in the parish where the judgment was rendered, or who has changed his domicile to another parish after the institution of the suit, the written motion for his examination shall be filed, and the examination conducted, in a court of competent jurisdiction in the parish of *20 his then domicile or where the judgment was rendered or where the debt that has been reduced to judgment was incurred. If the judgment debtor is a nonresident, the petition for his examination shall be filed, and the examination conducted, in a court of competent jurisdiction in any parish where he may be found, or in the court which rendered the judgment. In any case mentioned in this Paragraph, a certified copy of the judgment shall be attached to the written motion for examination. [Emphasis added.]
Based on our reading of article 2452, Ms. Moulton is required to file the written motion for Mr. Johnson’s debtor examination in the First City Court for the City of New Orleans, the court in which the judgment was rendered. Any objection to venue should have been filed in the initial suit, and pursuant to the retainer agreement, transferred to Jefferson Parish. But because Johnson made a general appearance in the underlying suit by filing an answer, the objection to venue was waived. La. C.C.P. art. 925
An objection to venue is raised by means of a declinatory exception. La. C.C.P. art. 925. The Code of Civil Procedure further provides that an objection to venue “is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928,” which states that a declinatory exception shall be pleaded prior to or in the answer. La. C.C.P. art. 44 C. Because that did not occur, the objection was waived and cannot be resurrected at this stage of the proceedings.
LBased on the foregoing, we affirm the judgment of trial court and remand the matter for further proceedings.

AFFIRMED; REMANDED.