Judge Roland L. Belsome
Plaintiffs appeal the trial court’s granting of Defendant Transit Management of Southeast Louisiana’s Exception of Prescription. For the reasons that follow, the trial coui't’s judgment is reversed.
*499 FACTS AND PROCEDURAL HISTORY
On July 8, 2003, Plaintiffs were passengers on a streetcar owned and operated by Defendant Transit Management of Southeast Louisiana, Inc. (“TMSEL”) when the streetcar was struck by a Sewerage and Water Board truck.
On June 29, 2004, Plaintiffs filed a petition for damages in Civil District Court of Orleans Parish, bearing docket number 04-9545, against TMSEL and Sewerage and Water Board of Louisiana claiming to have suffered injuries due to the collision. Plaintiffs requested service on the defendants, but did not pay filing or service fees as they had applied to proceed in forma pauperis. On or about July 2, 2004, Plaintiffs’ in forma pauperis application was denied.
On September 1, 2004, an Act recognizing Defendant Transit Management as a political subdivision went into effect.[1] This Act resulted in TMSEL’s ability to invoke the ninety-day service requirements in place for all political subdivisions as a defense.
In October 2006, the plaintiffs paid the filing and service fees for the petition for damages against TMSEL and Sewerage and Water Board of Louisiana; the citations were issued on November 17, 2006.
On February 26, 2007, Plaintiffs filed a second petition for damages in Civil District Court of Orleans Parish, bearing docket number 07-1791, against the same Defendants, arising out of the same accident and making nearly identical allegations.
On November 13, 2007, Plaintiffs’ first suit was dismissed without prejudice.[2]
On April 1, 2009, TMSEL filed an Answer to Plaintiffs’ second suit. TMSEL’s Answer also included the Peremptory Exception of Prescription that is presently at issue in this appeal. Following the hearing on the exception, the trial court requested post-trial memoranda from the parties and granted the exception. This appeal followed.
STANDARD OF REVIEW
When no evidence is introduced at the hearing on an exception of prescription, “the reviewing court simply determines whether the trial court’s finding was legally correct.”[3] Where there is no dispute regarding material facts, only the determination of a legal issue, the reviewing court must apply the de novo standard of review.[4] “The standard controlling our review of a peremptory exception of prescription also requires that we strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished.”[5]
DISCUSSION
TMSEL’s exception of prescription was based on Plaintiffs’ second suit being prescribed on its face and prescription not being interrupted by Plaintiffs filing of the first suit against Defendants.
Under Louisiana law, a party typically has one year after injury or damage is sustained to file a law suit or the claim is prescribed.[6] Prescription runs against all *500 persons unless an exception is established by legislation.[7] When a petition reveals on its face that the cause of action pled has prescribed, the plaintiff bears the burden of proving that the claim has not prescribed as a result of interruption, suspension, or renunciation.[8] The Civil Code provides that prescription is interrupted when suit is filed in a court of competent jurisdiction and venue.[9]
The instant suit was filed by Plaintiffs on February 26, 2007, over three years after the injuries complained of in the petition were incurred. Because the cause of action has prescribed on its face, the burden shifts to Plaintiffs to negate prescription.
Plaintiffs argue that the prescription was interrupted by the timely filing of their first petition for damages against Defendants. The injuries alleged in the petition occurred on July 3, 2003. Plaintiffs filed the first petition on June 26, 2004 and applied to proceed in forma pauperis. The application was denied shortly thereafter, but Plaintiffs did not pay the required fees to effectuate service until over two years later. The first petition was dismissed without prejudice on November 13, 2007.[10]
Defendant TMSEL excepted to the instant petition on the grounds that the claim had prescribed, arguing that pursuant to La. R.S. 13:5107(D) prescription was not interrupted by the filing of the first petition due to Plaintiffs failure to serve the first petition within ninety days of TMSEL being designated as a political subdivision.
On September 1, 2004, the Louisiana State Legislature amended La. R.S. 13:6102 to designate TMSEL as a political subdivision for litigation purposes.[11] One effect of this designation was that as of September 1, 2004, TMSEL could invoke the protections of La. R.S. 13:5107(D).[12]
The issue on appeal is whether La. R.S. 13:5107(D) applies retroactively to a lawsuit filed prior to an entity being designated as a political subdivision. We find that it does not.
Defendant TMSEL argues that the filing of the first petition did not interrupt prescription because service of that petition was not perfected within ninety days of TMSEL being designated as a political subdivision. While this Court has determined that the timely filing of a petition does not serve to interrupt prescription as to a political subdivision where service is not effectuated within the ninety-day time period required by La. R.S. 13:5107, this Court has not had occasion to consider the implications where an entity is designated *501 as a political subdivision after suit has been filed.
TMSEL cites to the case Pate v. Regional Transit Authority[13] in support of its position. In the Pate case, the plaintiff was injured while she was a passenger on an RTA bus.[14] She timely filed suit against RTA, a political subdivision, but that suit was dismissed due to the plaintiffs failure to serve RTA within ninety days of filing.[15] Shortly after the first suit was dismissed, the plaintiff filed a second, nearly identical petition against RTA.[16] RTA filed an exception of prescription, arguing that the cause of action had prescribed as the second petition was filed more than a year after the injuries were sustained.[17] The trial court granted the exception, and this Court affirmed the judgment finding that “the time that Ms. Pate’s first lawsuit was pending from its filing to its dismissal did not interrupt or suspend the running of prescription.”[18] The Court stated that “La. C.C. Arts. 3462 and 3463 are rendered inapplicable to a situation in which service was not requested on ‘the state, a state agency, or a political subdivision, or any officer or employee thereof within ninety days of the filing of an otherwise timely lawsuit in a competent court and a proper venue.”[19] However, the Pate case is distinguishable from the facts of this case in that RTA was a political subdivision during the entire pendency of that case.
TMSEL further cites to Cole v. Celotex Corporation in support of its contention that La. R.S. 13:5107(D) should be applied retroactively to a suit filed prior to TMSEL’s designation as a political subdivision.[20] However, a careful reading of the Cole case leads to a contrary conclusion. In the Cole case, the Court considered the retroactivity of Act 431, the Louisiana Comparative Fault law.[21] The Court first noted that the general rule against retro-activity of statutes and the exceptions to that rule is codified in La. C.C. Art. 6.[22] The Court then stated that “[generally, the determinative point in time separating prospective from retroactive application of an enactment is the date the cause of action accrues. .,. [o]nce a party’s cause of action accrues, it becomes a vested property right that may not constitutionally be divested.”[23] The Court went on to state that “statutes enacted after the acquisition of such a vested property right ... cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties.”[24]
■While TMSEL is correct in stating the Louisiana Supreme Court has found that the service requirements of La. R.S. 13:5107(D) apply retroactively regardless of when the cause ■ of action arose, the *502 Court was considering a scenario in which suit was filed after the effective date of the statute. In the case Naquin v. Titan Indem. Co., the Louisiana Supreme Court found that the service requirements set forth in La. R.S. 13:5107(D) applied to causes of action that arose prior to the effective date of the statute where suit was filed after the effective date.[25] The Court noted that “[t]he rules governing service of process are procedural because they prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws.”[26] The Court further stated that the legislature is permitted to alter rules governing service of process as long as a party still receives notice and an opportunity to be heard.[27]
Applying the reasoning of the cases cited to above, the service requirements set forth in La. R.S. 13:5107(D) do not apply to suits filed against TMSEL prior to its designation as a political subdivision. La. R.S. 13:5102(B)(2) includes no language concerning the retroactivity of the statute. The legislative history of the statute also provides no indication of any intent that political subdivision status of TMSEL should be applied retroactively. The requirements imposed by La. R.S. 13:5107(D) became effective as to TMSEL on September 1, 2004, and thus only apply to suits filed after that date.
In this case, the imposition of the ninety-day service requirement as to TMSEL for suits filed prior to its political subdivision designation would serve to divest Plaintiffs of right to sue on their cause of action. We therefore find that Plaintiffs filing of the first petition against Defendants served to interrupt prescription. Thus, the trial court erred in granting TMSEL’s exception of prescription. The trial court’s judgment and dismissal of the ease is reversed. The matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED

. See La. R.S. § 13:5102.

. The record does not include the judgment from the dismissal of the first suit.

. Felix v. Safeway Ins. Co., 2015-0701, p. 6 (La.App. 4 Cir. 12/16/15), 183 So.3d 627, 631— 32 (citing Bulliard v. City of St. Martinville, 2014-140, p. 2 (La.App. 3 Cir. 6/4/14), 139 So.3d 1269, 1271).

. Id.

. Id. at 631.

. La. C.C. Art. 3492. "Delictual actions are subject to a liberative prescription of one *500 year. This prescription commences to run from the day injury or damage is sustained."

. La. C.C. ArL. 3467.

. Bordelon v. Med. Ctr. of Baton Rouge, 2003-0202, p. 3 (La. 10/21/03), 871 So.2d 1075, 1077-78, as corrected (Jan. 28, 2004).

. La. C.C. Art. 3462.

. The record indicates that Plaintiffs paid the filing and service fees for the first petition in October 2006, yet did not request service until November 17, 2007, after the petition had been dismissed by the trial court.

.See La. R.S. § .13:5102.

. Pursuant to La. R.S. 13:5107(D)(1), "[i]n all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action. ...” If service is not requested within the required time period, the suit must be dismissed after a contradictory motion. The statute further states that when a political subdivision is dismissed because it was not timely served, the filing of the petition does not suspend the running of prescription as to the political subdivision.

. Pate v. Reg'l Transit Auth., 2008-1147 (La. App. 4 Cir, 3/11/09), 8 So.3d 744.

. Id. at 745.

. Id.at 745-46.

. Id. at 746.

. Id.

. Id. at 747.

. Id.

. Cole v. Celotex Corp., 599 So.2d 1058 (La. 1992).

. Id. at 1063,

. Id.; La. C.C. Art. 6 states that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.”

. Cole, 599 So.2d at 1063.

. Id.

. Naquin v. Titan Indem. Co., 2000-1585, pp. 4-5 (La. 2/21/01), 779 So.2d 704, 708 [emphasis added].

. Id. (citing Keith v. U.S. Fidelity & Guar. Co., 96-2075, p. 6 (La. 5/9/97), 694 So.2d 180, 183. (“Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws.”)).

. Id.