| | |
|---|---|
| BRIANNE VILARDO ROGERS, ET AL | NO. 24-C-537 |
| VERSUS | FIFTH CIRCUIT |
| AARON M. GRIFFIN, N.P., ET AL | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 849-038, DIVISION "D"
HONORABLE JACQUELINE F. MALONEY, JUDGE PRESIDING

December 20, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**<u>WRIT DENIED</u>**
    **SMC**
    **SJW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
AARON GRIFFIN, N.P., LAUREN COOPER, M.D., AND LAMMICO
    Deborah Deo Gracias Trahan
    Tonya K. Gallaspy
    Shelly S. Howat

COUNSEL FOR PLAINTIFF/RESPONDENT,
BRIANNE VILARDO ROGERS AND SALVADOR VILARDO
    Michael S. Sepcich
    T. Carey Wicker, III
    Vincent E. Odom
    Thomas C. Wicker, IV

**CHEHARDY, C.J.**

Defendants, Aaron Griffin, N.P., Lauren Cooper, M.D., and LAMMICO, seeks supervisory review of the trial court's ruling on LAMMICO's exceptions of no cause of action and prematurity, and all defendants' exception of improper venue, and motion to transfer venue based on *forum non conveniens*. For the reasons that follow, we deny defendants' writ application.

*Facts and Procedural History*

Plaintiffs, the surviving children of Michael Vilardo, sued Aaron Griffin, N.P., Lauren Cooper, M.D., and their liability insurer, LAMMICO, on November 16, 2023, alleging medical malpractice in connection with their treatment of Mr. Vilardo at St. Tammany Parish Hospital in 2021. Plaintiffs asserted that venue is proper in Jefferson Parish because LAMMICO's registered office is located in Jefferson Parish.

On March 7, 2024, defendants moved to transfer the matter for *forum non conveniens*, because, they contend, neither N.P. Griffin nor Dr. Cooper lives in Jefferson Parish; the plaintiffs reside in Tangipahoa Parish; and St. Tammany Parish is a significantly more convenient venue that Jefferson Parish. Effective August 1, 2024, the Louisiana Legislature's amendment to the Direct Action Statute, La. R.S. 22:1269, became law. As amended in Act 275, the Direct Action Statute now provides that no direct action lies against an insurer except in limited circumstances not found here.[1]

---

[1] As amended, La. R.S. 22:1269 (B), which became effective on August 1, 2024, now provides:

(1) The injured person or, if deceased, the persons identified in Civil Code Arts. 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
   a. The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
   b. The insured is insolvent.
   c. Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

On August 29, 2024, in light of Act 275, LAMMICO filed a dilatory exception of prematurity and a peremptory exception of no cause of action, alleging that the Direct Action Statute is strictly procedural, thus, its amendment eradicating a direct cause of action against an insurer must be applied retroactively pursuant to La. C.C. art. 6.[2] All three defendants also filed a declinatory exception of improper venue, arguing that the only basis for asserting venue in Jefferson Parish is that LAMMICO's registered office is located there, and LAMMICO is no longer a proper party in the litigation.

At the October 10, 2024 hearing, the trial court denied LAMMICO's exceptions of no cause of action and prematurity; denied the defendants' dilatory exception of improper venue; and denied the defendants' motion to transfer venue for *forum non conveniens*. Defendants now seek supervisory review of these rulings.

*Discussion*

We first address LAMMICO's peremptory exception of no cause of action and dilatory exception of prematurity. LAMMICO does not dispute that plaintiffs' inclusion of LAMMICO as a defendant was permissible at the time plaintiffs filed suit, in accordance with the former language of the Direct Action Statute. LAMMICO argues instead that the retroactive application of the amendment to this procedural statute, as dictated by La. C.C. art. 6, requires that it be dismissed as a party and/or that the lawsuit against it is premature.

---

    d.   When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

    e.   When the insurer is an uninsured motorist carrier.

    f.   The insured is deceased.

    g.   When the insurer is defending a lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

[2] La. C.C. art. 6 states: "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."

The Louisiana Supreme Court has stated that the Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured. *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/28/13), 144 So.3d 771, 775; *Green v. Auto Club Grp. Ins. Co.*, 2008-2868 (La. 10/28/09), 24 So.3d 182, 184. Substantive laws establish new rules, rights, and duties, or change existing ones, while procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. *Church Mut. Ins. Co. v. Dardar*, 13-2351 (La. 5/7/14), 145 So.3d 271, 283.

Since the Legislature's amendment to the Direct Action Statute, our brethren in Louisiana's federal courts have looked to Louisiana law to address the Statute's retroactive application where the plaintiff either has named an insurer as a defendant, or has requested leave to amend the complaint to name an insurer as a defendant before the statute's August 1, 2024 effective date. For example, in *Maise v. River Ventures, L.L.C.*, 2024 WL 4266698 (E.D. La. Sept. 23, 2024), a Jones Act case, the plaintiff filed a First Supplemental Complaint in April 2024 to name the defendants' insurers as co-defendants. The insurers subsequently filed a motion to dismiss pursuant to the 2024 amendment to the Direct Action Statute. The district court acknowledged that under the current law, there is no longer a direct action against the insurer unless specific circumstances are met, and further acknowledged that because the Louisiana Supreme Court has consistently interpreted the Direct Action statute to be procedural, "it is proper to understand it to have retroactive application." *Id.* at *2. However, the district court continued: "Nonetheless, Defendant Insurers' line of reasoning only takes them to the doorstep; Louisiana caselaw and present circumstances close their argument for dismissal." *Id.* Distinguishing between the procedural rules in existence at the time the cause of action arose and those in existence at the time suit is filed, the district

court recognized that a plaintiff may be entitled to rely upon the procedural rules in existence when his suit is filed, depending upon the court's assessment of whether the party received "due notice and an opportunity to be heard." *Id.* (citing *Naquin v. Titan Indem. Co.*, 00-1585 (La. 2/21/01), 779 So.2d 704, 708, and *Lott v. Department of Public Safety & Corrections*, 98-1920 (La. 5/18/99), 734 So.2d 617, 621). The district court further stated that "[a]t least one Louisiana appellate court has used such an analysis to find a procedural rule to apply only to cases filed after an effective date, but not before." *Id.* (citing *Jones v. Sewerage & Water Bd. of New Orleans*, 16-0691 (La. App. 4 Cir. 3/8/17), 213 So.3d 497, 502).[3] Thus, the district court denied the insurers' motion to dismiss the claims against them.

Likewise, in *Baker v. Amazon Logistics, Inc.*, 2024 WL 4345073 (E.D. La. Sept. 30, 2024), one day before the August 1, 2024 effective date of the amended statute, plaintiffs sought to amend their complaint to name defendants' insurers as additional defendants. The defendants opposed the amended complaint, arguing that the new Direct Action Statute foreclosed naming an insurer directly (unless certain prerequisites exist). The defendants further argued that the Direct Action Statute is procedural in nature, and thus the amendment may be applied retroactively.

In response, the *Baker* plaintiffs argued that although the Direct Action Statute provides a procedural right of action, the amended language "does not apply in this case because changes to procedural rules cannot apply retroactively to

---

[3] In *Jones*, *supra*, the Fourth Circuit determined that the plaintiff's failure to serve the defendant within the requisite 90-days period required for service on a political subdivision did not render the plaintiff's claims prescribed, where the Legislature designated the defendant a political subdivision only *after* plaintiffs had filed their lawsuit. "The rules governing service of process are procedural because they prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of laws." *Jones*, 213 So.3d at 502 (quoting *Naquin*, 779 So.2d at 708). But the *Jones* Court determined that the service requirements found in La. R.S. 13:5107(D) "do not apply to suits [filed] against [defendant] prior to its designation as a political subdivision." *Jones*, 213 So.3d at 502. The Court explained: "the imposition of the ninety-day service requirement as to [defendant] for suits filed prior to its political subdivision designation would serve to divest Plaintiffs of [their] right to sue on their cause of action." *Id.*

disturb vested rights." *Id.* at *2. Plaintiffs argued, and the district court agreed, that their right to bring a direct action against the insurers vested before the amended statute's effective date. Therefore, application of Act 275's new restrictions to bar them from naming insurers as defendants would impermissibly divest them of this right. *Id.* The district court further explained:

> Plaintiffs had a procedural right to sue Insurers when the accident occurred …, which at that time may have been appropriately characterized as a mere expectancy of a future benefit and not absolute, complete, or unconditional, independent of a contingency. But when Plaintiffs exercised that right by moving for leave to file an amended complaint adding Insurers as defendants in this case on July 31, 2024, Plaintiffs' right to bring the direct action against the Insurers became a vested property right that cannot be divested retroactively.

*Baker*, 2024 WL 4345073, at *4. In short, the district court squarely rejected Amazon's argument—that the procedural nature of the Direct Action statute means that a plaintiff's right to name an insurer as a defendant could be revoked "even from plaintiffs who have already exercised it." The district court further explained: "while the procedural right to bring a direct action against an insurer is a 'mere expectancy of a future benefit' until exercised, once that procedural right has been properly invoked, the plaintiff acquires a vested right in the pending action[.]" *Id.* at *5. The district court noted, however, that if plaintiffs had waited until August 1, 2024 to amend their complaint, there would have been no retroactive application of the newly enacted amendments, and the new law would apply. *Id.*

Similarly, in *Smith v. Fortenberry*, 2024 WL 4462332 (E.D. La. Oct. 10, 2024), the district court recognized that at first blush, the statute would appear to apply retroactively, but explained that the analysis does not end with the simple classification of the statute as procedural or substantive; the court must also determine whether the plaintiff has accrued a vested right in his cause of action. Citing *Baker*, the district court in *Smith* determined that the plaintiff's cause of

action against the insurer became a vested right when she filed suit against the insurer, which occurred before the enactment of Act 275.

We find the reasoning in *Maize*, *Baker*, and *Smith* to be persuasive.[4] While the amendment to the Direct Action Statute may apply retroactively to a cause of action that arose before the amended statute's August 1, 2024 effective date, this retroactivity stands only in reference to causes of action for which suit had not yet been filed, and thus the plaintiff's right had not yet vested. But here, as in *Maize*, *Baker*, and *Smith*, plaintiffs invoked their right to name insurer LAMMICO as a co-defendant by filing suit before the amendments to the Direct Action Statute became effective. Where plaintiffs exercised their procedural right to sue the tortfeasor's insurer before the effective date of the statutory amendment, the Legislature cannot revoke that vested right. For these reasons, we find the trial court properly overruled LAMMICO's peremptory exception of no cause of action and dilatory exception of prematurity.

We next address defendants' exception of improper venue and their motion to transfer for *forum non conveniens*. Venue is a question of law, which an appellate court reviews de novo. *Seghers v. LaPlace Equipment Co., Inc.*, 13-350 (La. App. 5 Cir. 2/12/14), 136 So.3d 64, 69. We review a trial court's decision on a *forum non conveniens* motion for an abuse of discretion. *Woods v. Ace American Ins. Co.*, 23-450 (La. App. 5 Cir. 10/31/23), 2023 WL 7140887, at *3 (unpublished opinion), *writ denied*, 23-1575 (La. 2/6/24), 378 So. 3d 748, and *writ denied*, 23-1635 (La. 2/6/24), 378 So. 3d 751.

All three defendants excepted to venue in Jefferson Parish on the basis that LAMMICO is an improper party under the amended Direct Action Statute, thus,

---

[4] *But see Howard v. J&B Hauling, LLC*, 2024 WL 4647820 (E.D. La. Sept. 26, 2024), which dismissed the claims against the insurer based on the newly enacted amendment to the Direct Action Statute, even though plaintiff named the insurer as a defendant before the effective date of Act 275. We note that the district court in *Howard* did not evaluate whether the plaintiff had acquired a vested right in the action against the insurer before the amendment's effective date.

the location of LAMMICO's registered office in Jefferson Parish, which is the only basis for venue here, means venue is no longer proper.

First, we have already determined that LAMMICO remains a proper party in this litigation because plaintiffs' right to name it as a co-defendant vested before Act 275 became effective. Moreover, the parties do not dispute that venue was proper in Jefferson Parish at the time suit was filed. *See* La. C.C.P. art. 42 (2). Additionally, defendants waived their right to except to venue in this case, given that they answered the petition on December 29, 2023. La. C.C.P. art. 928 states that a declinatory exception, which includes an exception of improper venue, shall be pled prior to or in the answer. *Moulton v. Johnson*, 09-234 (La. App. 4 Cir. 8/12/09), 19 So.3d 18, 20. La. C.C.P. art. 44 (C) further states that a party waives any objection to venue when it fails to timely plead the exception pursuant to La. C.C.P. art. 928. For all of these reasons, we find no error in the trial court's decision overruling defendants' exception of improper venue.

Lastly, defendants seek review of the trial court's ruling denying their motion to transfer venue to St. Tammany Parish based on *forum non conveniens*. La. C.C.P. art. 123 A (1) states:

> For the convenience of the parties and the witnesses, in the interest of justice, a district court upon contradictory motion, or upon the court's own motion after contradictory hearing, may transfer a civil case to another district court where it might have been brought; however, no suit brought in the parish in which the plaintiff is domiciled, and in a court which is otherwise a court of competent jurisdiction and proper venue, shall be transferred to any other court pursuant to this Article.

Defendants contend that plaintiff is domiciled in Tangipahoa Parish, not in Jefferson Parish, thus, plaintiff's choice to file suit in Jefferson Parish is not entitled to deference under La. C.C.P. art. 123. Defendants further suggest that when considering a motion to transfer, a trial court should consider: (1) the convenience of the parties and witnesses; (2) the access to the sources of proof and

evidence, as well as viewing of the premises, if required; (3) the cost of obtaining attendance of witnesses; and (4) the advantages and obstacles to a fair trial, citing *E. Sondheimer Co. v. Hibernia Corp.*, 97-2460 (La. App. 4 Cir. 12/10/97), 704 So.2d 386, 387, *writ denied*, 98-0085 (La. 3/13/98), 713 So.2d 470.

Defendants argue that St. Tammany Parish is a proper venue in this proceeding under La. C.C.P. art. 74[5] because the treatment at issue in this case occurred at St. Tammany Parish Hospital, because defendant N.P. Griffin is domiciled in St. Tammany Parish, and because none of the witnesses involved or evidence to be produced is connected in any way with Jefferson Parish. Defendants argue that LAMMICO's office location "is too limited and impertinent to serve as sufficient justification to warrant maintaining the proceedings in Jefferson Parish, in light of the significant connection with the proper venue of St. Tammany Parish." Defendants further posit that proceeding with this case in Jefferson Parish would result in "significant inconvenience" for them and other witnesses, as the round-trip driving distance between the Covington and Gretna courthouses is 93 miles, thereby requires substantial travel time and the possibility of additional expense.

In response, plaintiffs point out that St. Tammany Parish and Jefferson Parish are contiguous parishes and that courts rarely grant a motion to transfer litigation from one parish to a neighboring parish. Plaintiffs further aver that the distance between the St. Tammany Parish courthouse in Covington and the Jefferson Parish courthouse in Gretna is less than 50 miles, which is insufficiently inconvenient to warrant a transfer.

Where more than one forum is available, we consider public interest factors and private interest factors to determine whether a transfer of venue is appropriate.

___

[5] La. C.C.P. art. 74 states, in pertinent part: "An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained."

24-C-537                                  8

*Woods*, 2023 WL 7140887, at \*4 (citing *Minot v. Waffle House, Inc.*, 20-444 (La. App. 4 Cir. 10/2/20), 365 So.3d 709, 716, *writ denied*, 20-1277 (La. 1/12/21), 308 So.3d 714). The private interest factors include the convenience of the parties and the access to sources of proof and evidence, as well as the cost of obtaining the attendance of witnesses and the obstacles to a fair trial. *Id.* The public interest factors include administrative difficulties flowing from court congestions; the local interest in having localized controversies decided at home; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

We find the trial court did not abuse its great discretion in refusing to transfer venue to St. Tammany Parish. While defendants may prefer to litigate this matter in St. Tammany, and St. Tammany is an obvious choice of venue given that the allegedly negligent conduct occurred there, we cannot say that the inconvenience to the parties is so great, nor that the access to sources of proof and evidence is so constrained, as to warrant transfer of venue from Jefferson Parish to a courthouse fewer than 50 miles away. Further, defendants have presented no evidence of any meaningful difference in the cost of obtaining witnesses' attendance at trial in Jefferson versus St. Tammany Parish, nor are there any allegations that an obstacle to a fair trial exists here. Finally, because we determined above that LAMMICO is a properly named defendant in this matter based on the time that plaintiffs filed their lawsuit, there remains a local interest in having this matter determined in Jefferson Parish.

For these reasons, defendants' writ application is denied.

**WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_Curtis B. Pursell_

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-537**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JACQUELINE F. MALONEY (DISTRICT JUDGE)

DEBORAH DEO GRACIAS TRAHAN
(RELATOR)
MICHAEL S. SEPCICH (RESPONDENT)
VINCENT E. ODOM (RESPONDENT)

SHELLY S. HOWAT (RELATOR)
T. CAREY WICKER, III (RESPONDENT)

TONYA K. GALLASPY (RELATOR)
THOMAS C. WICKER, IV (RESPONDENT)

### MAILED